IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRY GALE PLUNK                                              PETITIONER
ADC #139430

V.                              NO.  5:08cv00203 SWW-JWC

RAY HOBBS, Director,                                         RESPONDENT
Arkansas Department of Correction

ORDER

Petitioner has filed a motion in limine (doc. 122), seeking to exclude from
consideration, as primary or impeachment evidence in this habeas proceeding, any
deposition testimony that may be taken from him in a related civil rights action pending in
the United States District Court for the Western District of Arkansas, *Plunk v. City of
Harrison*, W.D. Ark. No. 3:09cv03039.  Respondent opposes the motion (doc. 124).

Petitioner's civil rights action in the Western District alleges excessive force during
the arrests for the criminal charges underlying the convictions being challenged in this
habeas action.  Three of the defendants are represented by the Arkansas Attorney
General's office (AG), which also represents Respondent here.[1]  The Western District court
recently granted the AG's motion to depose Petitioner.  Petitioner says he anticipates that
the AG will ask him questions about the alleged offenses at issue here.  He says this would
be "unfair" because he is proceeding without counsel in the Western District action,
Respondent chose not to depose him in this habeas action, and Respondent should not
be allowed to get "what would be, in effect, out-of-time discovery through the back door."

---

[1]According to the AG, Respondent and the three Western District defendants are
represented by separate divisions of the AG's office (doc. 124, at 5 n.2).

Petitioner's counsel says that, if this motion in limine is denied, counsel will advise Petitioner to drop his civil rights lawsuit rather than face uncounseled questioning where his answers may be used against him in this habeas case.

Fed. R. Civ. P. 32(a)(8) provides: "A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action.  A deposition previously taken may also be used as allowed by the Federal Rules of Evidence."  Whether to admit a deposition from a prior lawsuit is "vested in the district court's sound discretion."  *Hub v. Sun Valley Co.*, 682 F.2d 776, 777 (9th Cir. 1982).  The requirements of Rule 32(a) have been "construed liberally in light of the twin goals of fairness and efficiency."  *Woodard v. Branch (In re Paramount Payphones, Inc.)*, 256 B.R. 341, 343 (Bankr. M.D. Fla. 2000) (citing *Hub*, 682 F.2d at 778).

Petitioner cites no legal authority in support of his motion to exclude the anticipated deposition testimony.  As pointed out by Respondent, the federal rules governing the use and admissibility of prior depositions do not require that the deponent be represented by counsel.  As long as a party was present or represented at a prior deposition and the other stated requirements are met, Rule 32(a) permits use of the party's testimony "for any purpose."  *See* Fed. R. Civ. P. 32(a)(1), (2), (3) & (8).  Additionally, the record does not show that the Attorney General's Office is seeking to depose Petitioner in the civil rights action as a means to obtain out-of-time discovery for this proceeding.

The motion is limine is premature and will be denied without prejudice to Respondent's right to object to admission of any of the testimony in this action.  The issues

2

involved in a claim of excessive force at the time of arrest are substantially different from the issues raised by this habeas proceeding.  There should be very little overlap, if any, as to what evidence is relevant.  Discovery, in the usual case, is limited to any matter "relevant to any party's claim or defense. . . " Fed. R. Civ. P. 26(b)(1).  Therefore, the legitimate areas of inquiry in the deposition should not impact the habeas claims, so long as the AG stays within the bounds of proper discovery.  However, if those boundaries are crossed, Petitioner here should not be precluded from objecting to the testimony if offered in the habeas proceeding.  On the other hand, there may be some overlap, and I am not willing to say at this point that all deposition testimony should be excluded.  That is a decision that should be made considering the specific testimony in question and its context.  To rule on admissibility of such testimony at this point would be to rule in a vacuum.

Petitioner has not demonstrated that he is entitled to a blanket exclusion of all deposition testimony he may give, particularly if it is inconsistent with other testimony or statements that are submitted in this action.  When – or if – Respondent attempts to introduce specific deposition testimony here, the Court will consider any relevant objections presented by Petitioner.

I am somewhat troubled by the fact that Petitioner is proceeding pro se in the civil rights action.  However, I am confident that steps can be taken in that action to ensure that his rights are protected during the deposition and that questioning is limited to relevant matters, such as through a motion for protective order pursuant to Fed. R. Civ. P. 26(c), a

motion for appointment of counsel,[2] or a request that Petitioner's present counsel be allowed to assist him during the deposition.

Petitioner's motion in limine (doc. 122) is **denied** without prejudice to later objections to specific deposition testimony.  His motion to expedite (doc. 123) is **denied** as moot.

IT IS SO ORDERED this 5th day of October, 2010.


_____
UNITED STATES MAGISTRATE JUDGE

---

[2]According to the Western District docket sheet, Petitioner has never filed a motion for appointment of counsel.