IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


TERRY GALE PLUNK                                                    PETITIONER
ADC #139430

V.                                   NO.  5:08cv00203 SWW-JWC

RAY HOBBS, Director,                                               RESPONDENT
Arkansas Department of Correction


ORDER

Several motions are pending in this 28 U.S.C. § 2254 case.

**A.     Deborah Devries' Motion to Compel.**

Non-party Deborah Devries has filed a *pro se* motion to compel Respondent's

counsel to provide her a copy of the recorded statement she gave on March 24, 2010, to

an investigator from the Attorney General's office (doc. 70).

Fed. R. Civ. P. 26(b)(3)(C) provides, in relevant part:

> Any party or other person may, on request and without the required showing,
> obtain the person's own previous statement about the action or its subject
> matter.  If the request is refused, the person may move for a court order, and
> Rule 37(a)(5) applies to the award of expenses.  A previous statement is ...
> a contemporaneous, stenographic, mechanical, electrical, or other recording
> – or a transcription of it – that recites substantially verbatim the person's oral
> statement.

Respondent asserts (doc. 72) that, after receiving a letter from Ms. Devries asking for a

copy of her statement, representatives from the Attorney General's office twice attempted

to meet with Ms. Devries at her home – once at her request – but that Ms. Devries would

not speak to the representatives.   Therefore, according to Respondent, Ms. Devries'

request has not been "refused."   Respondent further asserts that a copy of Ms. Devries'

statement was mailed to her, with counsel's questions redacted to prevent disclosure of protected attorney work product, and that, if the Court determines she is entitled to disclosure of counsel's questions in addition to her own statements, disclosure should be protected by a "gag order" directing her not to disseminate the document.

Disclosure of counsel's questions in addition to her "own previous statement[s]" would exceed the scope of the right afforded to Ms. Devries under Rule 26(b)(3)(C). *Frank v. L.L. Bean, Inc.*, No. Civ. 04-221-P-S, 2005 WL 2177062, *1 (D. Me. Sept. 8, 2005). Respondent's provision of a redacted version was sufficient to satisfy its obligation to Ms. Devries and "strikes the best balance between protecting both the right of a non-party witness to obtain a copy of his or her 'statement' in accordance with the Rule and 'the professional activities of an attorney.'" *Id.*

Ms. Devries' motion to compel (doc. 70) is **denied**.

**B.     Dr. Dale Watson.**

Respondent has filed a motion to preclude Petitioner from using in any manner any written report of Dr. Dale Watson and also moves to preclude Dr. Watson from testifying at any evidentiary hearing in this matter (doc. 90).  Petitioner has responded (doc. 100).

The Federal Rules of Civil Procedure apply to habeas proceedings to the extent they are not inconsistent with a statutory provision or habeas rule.  Rule 12, Rules Governing § 2254 Cases in United States District Courts.  Fed. R. Civ. P. 26(a)(2) requires disclosure of the identity of any expert that the party may use at trial, along with the expert's written report.  *Id.* 26(a)(2)(A) & (B).  The disclosure must be made at least ninety days before the date for trial.  *Id.* 26(a)(2)(C)(I).  If a party fails to provide information or identify a witness as required by Rule 26(a), he is barred from using that information or witness to supply

evidence on a motion, or at a hearing or trial, "unless the failure was substantially justified or is harmless." *Id.* 37(c)(1).

On March 12, 2010, Petitioner filed a motion to allow the examination of Petitioner by Dr. Dale Watson (doc. 44). The motion was granted over Respondent's opposition (doc. 46, 48), and the examination was performed on March 31, April 1 and April 2 of 2010. Petitioner did not disclose Dr. Watson's written report until July 20, 2010 (doc. 95). At that time, an evidentiary hearing was scheduled for September 13, 2010. The hearing was later continued (doc. 104), and has not been rescheduled.

Respondent asserts that preclusion is warranted because Petitioner should have disclosed Dr. Watson's report on June 15, 2010. He says the belated disclosure was past the discovery deadline set in this case and thus inhibited his ability – before the September 13 hearing date – to challenge Dr. Watson's report through the use of discovery or to retain his own expert to review the report or conduct an independent examination of Petitioner.

Even if Petitioner's disclosure of Dr. Watson's report is deemed untimely, preclusion is not warranted because the hearing date was continued, alleviating the immediate harm to Respondent occasioned by the delay. Respondent's motion (doc. 90) is **denied**. The Court is currently considering the parties' summary judgment filings. Should the rulings on those motions result in the need for an evidentiary hearing, Respondent will be given additional time to conduct discovery relating to the report and to secure his own expert to challenge Dr. Watson's opinions and conclusions. This would remove any potential prejudice arising from the delayed disclosure.

**C.     Motion for Protective Order.**

3

Petitioner has filed a motion for a protective order prohibiting the use of testimonial evidence from him or his former state-court attorney, Phillip Moon, in any state or federal proceeding apart from this habeas action, including retrial in the event his habeas petition is granted (doc. 88).  He argues that this is necessary to protect his attorney-client privilege and his Fifth Amendment right against self-incrimination, and that the protective order should encompass hearing testimony, deposition testimony and sworn declarations.[1] Respondent opposes the motion (doc. 102).

Where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to communications with his allegedly ineffective attorney.  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.").  Some courts, primarily in the Ninth Circuit, have held that this is a limited waiver and that the habeas petitioner is entitled to a protective order precluding use of privileged attorney-client materials revealed in discovery for any purpose other than litigating the federal habeas claims.  *Bittaker*, 331 F.3d at 721-28; *see also United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010).  No governing precedent in the Eighth Circuit has been cited or discovered by the Court.

Even taking into account these cases, the protective order sought by Petitioner is overly broad, is premature, and asks this Court to make rulings that may invade the

---

[1]While the motion focuses on the testimony of Petitioner and Mr. Moon, portions refer to "all information disclosed in the course of this proceeding" and "[a]ll of the testimony" given (doc. 88, at 1, 3).  Petitioner's arguments, however, are based on the attorney-client privilege and the Fifth Amendment protection against self-incrimination, providing no arguable basis for preclusion of any testimony or statements beyond those of Petitioner and Mr. Moon.

province of the state courts to determine the scope of state privilege laws and to determine whether admission of the evidence would violate the state or federal constitution. This Court cannot at this point predict what testimony will be offered, should the case proceed to an evidentiary hearing. Surely the testimony will include non-privileged or non-inculpatory evidence, as well as statements that would deserve protection. Should a retrial occur in state court, some or all of the testimony may be admissible. For example, if Mr. Moon or Petitioner were to make material statements upon a retrial that were inconsistent with testimony in these proceedings, the state court should have the opportunity to determine whether the earlier statements would be admissible. This Court should be reluctant to enter a blanket order at this point precluding the possible admission at retrial of relevant testimony that passes constitutional muster.

Discovery has closed in this action. When Petitioner's counsel deposed Mr. Moon on June 26, 2010 (prior to filing this motion), neither Petitioner, his habeas counsel nor Mr. Moon sought a protective order or made any assertion of privilege. Petitioner submitted a transcript of Mr. Moon's deposition as an exhibit in support of his cross-motion for summary judgment, as well as a copy of the file Mr. Moon kept while representing Petitioner, again without any mention of the attorney-client privilege or a request to seal privileged communications. (Pet'r Ex. 1 & 4 to doc. 93.)[2] Additionally, Respondent submitted an affidavit from Mr. Moon in support of his summary judgment motion, along with copies of two letters from Mr. Moon to Petitioner (doc. 62-1, at 12-19). No attorney-client privilege argument or objection was made. Petitioner has not identified any

---

[2]Two unredacted pages of the transcript were submitted under seal, but this was not alleged to have been due to attorney-client privilege concerns (doc. 94).

particular portions of Mr. Moon's deposition testimony or affidavit which would be subject to the attorney-client privilege.  Similarly, in submitting his verified amended *pro se* petition and other *pro se* pleadings, Petitioner did not, at any time, invoke the attorney-client privilege or the Fifth Amendment, and he has not identified which of his statements or allegations would qualify as protected communications.

The authority cited by Petitioner does not justify barring all subsequent use of all privileged and non-privileged testimony or statements obtained from Petitioner or Mr. Moon, even that submitted in support of a dispositive motion or other publicly docketed filing, or given in an open evidentiary hearing.  Furthermore, whether unspecified evidence is inadmissible in any other proceeding that may be held at some point in the future simply cannot be decided by this Court.  Moreover, the cases Petitioner cites do not stand for the far-reaching proposition that the Fifth Amendment entitles him to an anticipatory protective order preventing potential testimony he gives in this habeas proceeding from being used to incriminate him in a possible future retrial in state court.

Petitioner has not demonstrated a sufficient basis for the broad protective order that he seeks.  However, the Court is mindful that the refusal to offer complete protection for all testimony of Petitioner and Mr. Moon causes a dilemma for Petitioner's counsel in preparation for any hearing.  If an evidentiary hearing is held in this case at which Petitioner or Mr. Moon testifies, Petitioner will be given the opportunity to inform the Court as to specific testimony to be offered and to state his objection to its use in any other proceedings on the grounds of attorney-client privilege or the Fifth Amendment.  The Court can then rule with the benefit of knowing the specific testimony in issue, the context in which it is offered, and the parties' arguments on whether the attorney-client privilege or

the Fifth Amendment should preclude its use in other proceedings.  In that way, the record

will be fully developed.

Petitioner's motion for protective order (doc. 88) is **denied** without prejudice.

IT IS SO ORDERED this 16th day of November, 2010.


_____

UNITED STATES MAGISTRATE JUDGE