UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRY GALE PLUNK                                                                                   PETITIONER
ADC# 139439

VS.                                          5:08-CV-00203 SWW/JWC

RAY HOBBS, Director                                                                                RESPONDENT
Arkansas Department of Correction

## ORDER

By previous order (doc. 153), the Court granted Respondent's motion permitting access to Petitioner for a psychological evaluation by Roger Moore, Jr., Ph.D., denied Petitioner's request that his counsel be present during the evaluation, and granted Petitioner's request that Dr. Moore be prohibited from questioning Petitioner about the circumstances leading to his 2006 arrests. The order stated that, if such questions were anticipated, Respondent should seek permission from the Court, identify the scope of the inquiry, and explain why the questioning was necessary to the evaluation.

Respondent opposes limitation of any questioning (doc. 152),[1] and submits a supporting affidavit from Dr. Moore (doc. 152-1). Dr. Moore asks that he have "leeway" in questioning Petitioner about his recollection and understanding of various events over time, including potentially such noteworthy episodes as those leading to his incarceration, in order to accurately assess Petitioner's cognitive functioning and his capacity to process information.

After considering Respondent's arguments, the Court agrees that, to fairly assess

---

[1] At the time the initial order was prepared, the Court was unaware of this filing.

Petitioner's cognitive abilities and rebut the findings made by Petitioner's expert, Dr. Moore needs full and complete access to all information he deems necessary, without limiting his questioning or permitting the presence of Petitioner's counsel.  The Court believes that the Fifth Amendment would be implicated only if habeas relief were to be granted and if the state later attempts to use, as evidence against Petitioner in any retrial, statements that he makes during Dr. Moore's evaluation.  *See Estelle v. Smith*, 451 U.S. 454, 464-65 (1981).  Nevertheless, to ensure that Petitioner's Fifth Amendment rights are protected, Dr. Moore should submit his report, as well as copies of any materials and notes which contain statements by Petitioner regarding the offenses at issue, to the Court for *in camera* review within ten (10) days of the evaluation.  Neither the report nor any of the submitted materials should be disclosed to either party until ordered by the Court.  By receiving the materials *in camera*, the Court will be in a position to determine whether they contain any self-incriminating statements and, if so, to determine what steps would be appropriate to protect Petitioner's Fifth Amendment rights.

If Respondent is willing to waive the use in any retrial of any incriminating statements made by Petitioner during Dr. Moore's examination, disclosure of the report can be handled in the ordinary course without Court involvement.

Petitioner's requests for a protective order limiting Dr. Moore's examination or permitting the presence of Petitioner's counsel, as set forth in doc. 150, are both **denied**.

IT IS SO ORDERED this 7th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE